UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRENNAN'S, INC.                                              PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:06CV694TSL-JCS

BERT CLARK BRENNAN AND
BLAKE W. BRENNAN, ET AL.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Brennan's, Inc. to voluntarily dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants Bert Clark Brennan and Blake W. Brennan have responded in opposition to the motion and have filed a separate motion to impose conditions on any order authorizing a voluntary dismissal without prejudice.  The court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be granted, with certain conditions.

Plaintiff Brennan's, owner of the well known Brennan's restaurant on Royal Street in New Orleans, Louisiana, and owner of the "Brennan's" trademark for restaurant services, filed the present action asserting causes of action for trademark infringement and dilution under the Lanham Act, 15 U.S.C. §§ 1114 and 1125( c), based on information that defendants Blake and Clark Brennan were planning to open two restaurants, one in Destin,

Florida and the other in Ridgeland, Mississippi, using some form of the Brennan's name.  Initially, Brennan's sought a preliminary injunction to enjoin defendants use of what Brennan's contended was a substantially similar name, "Clark and Blake Brennan's Royal B."  Following a three-day hearing, this court denied the motion by a May 23, 2007 memorandum opinion and order, upon finding that Brennan's had failed to establish a likelihood of success on the merits of its Lanham Act claims and had likewise failed to satisfy the remaining criteria for securing injunctive relief.

Between the time of that ruling and now, the specific circumstances that prompted this lawsuit in the first place have changed significantly.  Defendants did open their Destin restaurant in 2007, but in September 2008, they closed the restaurant for financial reasons.  The Ridgeland restaurant, which defendants had planned to open in 2007, has never opened.  The space that defendants had leased for the restaurant is now occupied by another business establishment.  Thus, according to Brennan's, the original impetus for its bringing and pursuing its Lanham Act claims in this lawsuit no longer exists.  Therefore, Brennan's has moved for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which in the absence of consent by defendants, requires the court's approval for dismissal once an answer or summary judgment motion has been served on the plaintiff.

2

Rule 41(a)(2) states in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Under the rule, a plaintiff will be permitted to dismiss without prejudice "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Ikospentakis v. Thalassic Steamship Agency, 915 F.2d 176, 177 (5th Cir. 1990). In the case at bar, defendants oppose Brennan's motion, taking the position that a dismissal without prejudice will cause them to suffer "plain legal prejudice" in three respects, first, because the litigation is already at an advanced stage, see Hartford Accid. & Indem. Co. v. Costs Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th cir. 1990) (court may refuse to allow voluntary dismissal without prejudice where motion is filed at late stage in proceedings, after defendants have exerted significant time and effort defending the lawsuit); because a dismissal of the case without a final ruling will deprive them of their ability to seek attorneys' fees and expenses as the "prevailing party," see 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); and because dismissal without prejudice will deprive them of their "improper purpose" defense, see Hyde v. Hoffman-La Roche, Inc., 511 F.3d 506, 509 (5th Cir. 2007) ("A defendant may be substantially prejudiced by dismissal of a lawsuit if dismissal 'effectively

3

strips him of a defense that would otherwise be available'") (citation omitted). Having carefully considered defendants' arguments, the court is unpersuaded.

Although this case has been pending in this court for a relatively long time, it does not necessarily follow that the case has reached an "advanced stage." Of the three years this case has been in this court, the first five months were focused on the preliminary injunction motion. For two years after the court's ruling on that motion in May 2007, nothing of substance occurred in the case. The case was stayed for more than a year while the appeal to the Fifth Circuit was pending; and nothing was filed in the case until six months after the appeal was concluded, at which time *defendants* moved to lift the stay so they could have the court consider a motion by them to enjoin plaintiffs from proceeding on claims plaintiffs had filed against them in a state court proceeding in Louisiana. Only in June of this year, after that motion was decided (and denied) did proceedings in this case resume, with defendants filing their amended answer and counterclaim. The parties commenced discovery in July, but just three months later, in October, Brennan's filed its present motion for voluntary dismissal.

Given these circumstances, it is doubtful the case can fairly be characterized as being at an "advanced stage." Certainly the parties have conducted some discovery, but that is not a basis,

4

alone, for rejecting Brennan's request to dismiss without prejudice. Indeed, as Brennan's correctly points out, even "the advanced stage of the litigation and the expense to the defendant do not by themselves mandate denial of the motion." Charles L. Brieant & Martin H. Redish, Moore's Federal Practice § 41.40 (3d ed. 2009). Neither does the fact that the court has ruled on a preliminary injunction motion foreclose Brennan's request for dismissal. The court recognizes that the proceedings relative to the preliminary injunction motion were rather extensive, involving a lengthy presentation of evidence and resulting in the issuance of a detailed opinion in which the court plainly held that Brennan's had no likelihood of success on the merits of its claims. However, the court expressly declined defendants' request to consolidate the hearing on the motion for preliminary injunction with a trial on the merits.

Defendants' further argument that they will be foreclosed from attaining "prevailing party" status and hence precluded from seeking their attorneys' fees if the case is voluntarily dismissed at this point would perhaps have some sway with the court if the court considered it likely that defendants could make out a case of "exceptional circumstances" to support an attorneys' fee award. Addressing the availability of attorney fees under the Lanham Act, the Fifth Circuit has explained:

> "To recover attorneys' fees, '[t]he prevailing party
> must demonstrate the exceptional nature of the case by

5

> clear and convincing evidence.'" [Scott Fetzer Co. v.
> House of Vacuums Inc., 381 F.3d 4767, 490 (5th Cir.
> 2004)] (quoting Procter & Gamble Co. v. Amway Corp., 280
> F.3d 519, 526 (5th Cir. 2002)). "To demonstrate that a
> case is exceptional, in turn, the defendant must show
> that the plaintiff brought the case in bad faith." Id.

Robin Singh Educational Servs. Inc. v. Excel Test Prep, 291 Fed. Appx. 620, 621, 2008 WL 4155100, 1 (5th Cir. 2008) (additional citations omitted). See also Board of Supervisors for Louisiana State Univ. Agricultural and Mechanical College v. Smack Apparel Co., 550 F.2d 465, 491 (5th Cir. 2008) ("An exceptional case is one where the violative acts can be charactered as malicious, fraudulent, deliberate, or willful. The necessary showing demands a high degree of culpability on the part of the infringer, for example, bad faith or fraud) (internal quotations and citations omitted); Miss. Code Ann. § 75-22-27 (under Mississippi Uniform Trademark Act, attorney fees may be awarded if "the other party committed such wrongful acts with knowledge of or in bad faith or otherwise according to the circumstances of the case"). Defendants assert that their uncles Ted and Jimmy Brennan, who co-own Brennan's restaurant (and the Brennan's trademark) with defendants' father Owen "Pip" Brennan, brought this suit, not as part of their legitimate policing of the Brennan's trademark, but rather to punish and hurt defendants and their father for defendants' leaving the Brennan's family restaurant in order to start up their own restaurant(s). Suffice it to say, in the court's opinion, defendants have fallen well short of their burden

6

to demonstrate by clear and convincing evidence that Brennan's suit was unfounded, brought for harassment purposes or otherwise brought in bad faith.

Defendants next argue that they will lose their "improper defense" defense available to them under the Lanham Act if this case is dismissed without prejudice. See Sugar Busters, LLC v. Brennan's, 177 F.3d 258, 272 (5th Cir. 1999) (concluding that considerations of inequitable conduct or purpose are relevant to a preliminary injunction of unfair competition). In this regard, defendants first note that they have been made defendants in a lawsuit brought by Brennan's, and Ted and Jimmy Brennan in Louisiana state court. They go on to explain that their primary equitable defense in this case (like the basis for their attorneys' fee claim) is that Ted and Jimmy Brennan, who have taken control of Brennan's, Inc. and the Brennan's restaurant, brought this litigation for the "improper purpose" of punishing defendants for leaving Brennan's to start up their own restaurant. Defendants reason that if this case is dismissed without prejudice, Brennan's will likely refile the Lanham Act claim against them in the pending Louisiana lawsuit, and, as there is no "improper defense" available under Louisiana trademark law, then dismissal of this case will deprive defendants of this defense. In response to defendants' argument on this point, Brennan's asserts, *inter alia*, that it did not file its motion to dismiss in

this cause so that it could bring the action in Louisiana state court and it states that it is willing to agree to condition the dismissal of its complaint against defendants herein on the condition this matter not be refiled in a Louisiana state court. In the court's opinion, particularly in light of Brennan's agreement in this regard, defendants will not be deprived of any defense on account of Brennan's motion to dismiss being granted without prejudice.[1]

In response to Brennan's motion, defendants filed their own motion requesting that the court convert Brennan's motion to a motion to dismiss with prejudice, for essentially the reasons it has offered in response to the motion to dismiss. Alternatively, they request that the court impose conditions on any dismissal without prejudice, including that defendants be awarded their costs, expenses and attorney fees, and that Brennan's be required

---

[1] Defendants claim that, contrary to Brennan's assertions, they have not abandoned their efforts to open a restaurant in Mississippi, and they represent that they are currently seeking investors for a potential restaurant in Madison, Mississippi. Defendants complain that as a result of Brennan's actions in threatening to involve potential investors in litigation over defendants' right to use the Brennan's name, they have been and will continue to be severely hampered in their efforts to raise capital for such a restaurant. They submit that for this additional reason, they need a final decision on Brennan's challenge to their right to use "Brennan's" in the name of any proposed restaurant. However, the court notes that defendants have filed a counterclaim against Brennan's seeking declaratory and injunctive relief on this very issue; and while Brennan's proposes to dismiss its own complaint, the counterclaim will remain pending for resolution.

to pursue all claims not involving the Owen Brennan's mark, in this court.

The court will deny the motion to convert defendants' motion to a motion for dismissal with prejudice.  There are, however, conditions that will serve to alleviate the prejudice defendants claim they will suffer from a dismissal without prejudice.  First, should Brennan's elect to pursue further litigation against defendants under the Lanham Act relative to defendants' (now closed) Destin restaurant or their once proposed Ridgeland restaurant, or relating to any further efforts by defendants to open restaurants in this geographic market, it will be required to do so in this forum.[2]  Further, while the court declines defendants' request to require payment of their attorneys' fees as a condition of dismissal, it does find that dismissal without prejudice should be conditioned on payment of defendants' costs to date.

Based on the foregoing, it is ordered that Brennan's motion to dismiss without prejudice is granted, on the specific conditions identified supra.  Should Brennan's decline to dismiss subject to these conditions, then Brennan's may elect, alternatively, to proceed with the litigation or agree to a

---

[2] If that were to occur, any pertinent discovery in this case may be used in such case.

dismissal with prejudice.  Brennan's shall advise the court of its election within five days of the entry of this order.

SO ORDERED this 18th day of December, 2009.

                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE