UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRENNAN'S, INC.                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:06CV694TSL-JCS

BERT CLARK BRENNAN, BLAKE W.
BRENNAN, ROYAL B RESTAURANT
DEVELOPMENTS, LLC, B.3.G., LLC,
ROYAL B JACKSON, LLC, ROYAL B
DESTIN, LLC, ROYAL RESOURCES,LLC.                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

There are presently pending before the court a number of motions, on which the court rules as follows.

The Brennan defendants'[1] objection to the December 30, 2009 order of the magistrate judge is granted, in part.[2] Specifically, the magistrate judge's decision to exclude the Brennan defendants' expert H. Kenneth Lefoldt is overruled, as is his ruling that plaintiff Brennan's, Inc. will not be required to disclose financial documents bearing on its net worth until the trial of the case (a ruling which is the subject of the Brennan defendant's supplement to their objections to the magistrate judge's December

---

[1] Defendants/counterplaintiffs herein are Bert Clark Brennan, Blake W. Brennan, Royal B Restaurant Developments, LLC, B.3.G., LLC, Royal B Jackson, LLC, Royal B Destin, LLC, and Royal Resources, LLC. For ease of references, these parties will be collectively referred to herein as the Brennan defendants.

[2] Brennan's has filed a motion to supplement its response in support of objections to the magistrate judge's order. The motion is granted.

30, 2010 order). The timing of defendants' submission of Lefoldt's expert report under Rule 26(a)(2) shall be addressed to the magistrate judge, as shall all discovery issues, including in particular, any discovery issues pertaining to the scope and timing of disclosure of financial documents claimed by the Brennan defendants to be required for preparation of Lefoldt's expert report. Any potential concerns of Brennan's relating to the confidentiality of its financial documents may be addressed to the magistrate judge, as well.

Except to the extent set forth, the Brennan defendants' objection to the magistrate judge's order is overruled.[3]

On January 10, 2010, the Brennan defendants moved for partial summary judgment on Brennan's advice of counsel affirmative defense, arguing that Brennan's failed to properly plead the defense (except as to the punitive damages claim), and that Brennan's had failed in discovery to offer any proof in support of its reliance on an advice of counsel defense. Brennan's initially responded, taking the position that it had sufficiently pled an advice of counsel defense to all the Brennan defendants' claims or, in the alternative, that it was not required to affirmatively plead this defense. It argued, additionally, that it was not

---

[3] The court does note, however, that the magistrate judge did not purport to hold that the Brennan defendants are precluded from presenting testimony of Cecil Harper and Joey Katool regarding their March 4, 2008 forecast report.

2

required to present proof in support of its defense until trial. Following the conclusion of briefing on the motion, <u>Brennan's filed a motion to amend its answer</u> to more clearly plead its advice of counsel defense. The Brennan defendants did not respond to the motion to amend, and thus presumably have no objection to Brennan's proposed amendment. Accordingly, Brennan's motion to amend its answer will be granted.

Moreover, since the conclusion of briefing on the motion, Brennan's filed a supplemental response and contemporaneously provided discovery responses which it contends support its advice of counsel defense and precludes summary judgment. The Brennan defendants have not contended otherwise and therefore, the court will deny their motion for partial summary judgment on Brennan's advice of counsel defense.

<u>Brennan's has moved to dismiss, or in the alternative, to abstain from exercising jurisdiction over all counterclaims asserted by B3G regarding the Owen Brennan's mark</u>, including B3G's claim for a declaratory judgment authorizing it to use the Owen Brennan's mark and to receive all royalties from the use of such mark. In support of its motion, Brennan's points out that in December 2006, nearly three years before B3G's counterclaims were filed herein, Brennan's and its parent company, TJO, Inc., filed a lawsuit in Louisiana state court against B3G and Owen "Pip" Brennan, Jr., seeking an adjudication that TJO is the rightful

3

owner of the Owen Brennan's License Agreement because Pip's purported assignments of the Owen Brennan's mark to B3G are invalid. Brennan's argues that this case should be dismissed because TJO is a necessary and indispensable party which is not subject to personal jurisdiction in this forum. See Arthur W. Tifford, PA v. Tandem Energy Corp., 562 F.3d 699, 707 (5th Cir. 2009) (stating that "if an indispensable party cannot be joined (because there is no personal jurisdiction or because joinder would destroy diversity of citizenship), dismissal may be appropriate) (citing Fed. R. Civ. P. 19(b)). In their response to Brennan's motion, the Brennan defendants do not address, much less challenge Brennan's assertion that TJO is an indispensable party which is not subject to jurisdiction in this forum. They make no substantive argument on these issues at all. Instead, the Brennan defendants argue that in seeking dismissal of its claims in this cause without prejudice, Brennan's represented to the court that B3G's counterclaim would be allowed to go forward in this action, and that this court granted Brennan's motion to dismiss without prejudice with the condition that B3G's counterclaim be allowed to go forward in this action. The Brennan defendants argue that, by having accepted this court's conditions to the dismissal of its claims in this cause without prejudice, Brennan's must be prohibited from objecting to or requesting a change of those conditions. Defendants' position is without merit.

4

Other than their request for attorneys' fees and costs, the only condition requested by the Brennan defendants for Brennan's dismissal without prejudice was that Brennan's be required to "pursue all claims *not involving the Owen Brennan's mark*, in this court." (Emphasis added). The only condition which the court imposed was that "should Brennan's elect to pursue further litigation against defendants under the Lanham Act relative to defendants' (now closed) Destin restaurant or their once proposed Ridgeland restaurant, or relating to any further efforts by defendants to open restaurants in this geographic market, it will be required to do so in this forum." In a footnote in the opinion, the court acknowledged a concern expressed by the Brennan defendants, that if Brennan's claims were dismissed, they would have no avenue available to them for securing a decision on their right to use the Brennan's name on any proposed restaurant. The court noted that dismissal of Brennan's claims would not prevent their obtaining a ruling on that issue, because "defendants have filed a counterclaim against Brennan's seeking declaratory and injunctive relief on this very issue; and while Brennan's proposes to dismiss its own complaint, the counterclaim will remain pending for resolution." The court certainly did not hold, or even suggest, that the Brennan defendants would have an unqualified right to maintain all their pending counterclaims to

5

conclusion in this action.[4]  Accordingly, as defendants do not dispute that TJO is an indispensable party which cannot be joined in this action, and as their sole basis for opposing Brennan's present motion to dismiss B3G's counterclaim relating to the Owen Brennan's mark has no merit, Brennan's motion to dismiss will be granted.[5]

<u>Brennan's has moved for partial summary judgment on the Brennan defendants' claims for libel and slander</u>.  In support of the motion, Brennan's argues that the Brennan defendants have failed to identify any false or defamatory statements in the cease

---

[4]  <u>The Brennan defendants have moved to show cause as to why Brennan's claims in this cause should not be dismissed with prejudice for failure to comply with court order</u>.  In this motion, the Brennan defendants argue that Brennan's claims in this case should be dismissed with prejudice because Brennan's, by moving to dismiss B3G's counterclaims relating to the Owen Brennan's mark, has acted in direct contravention of the court's December 17, 2009 memorandum opinion and order.  However, since the court did not condition Brennan's dismissal without prejudice on B3G's counterclaims remaining in this court nor otherwise hold that B3G would have an unqualified right to maintain its counterclaims related to the Owen Brennan's mark in this action, then Brennan's motion to dismiss the Owen Brennan's counterclaims is not contrary to the court's order.

In this motion, the Brennan defendants also ask the court to dismiss Brennan's complaint with prejudice on account of Brennan's having failed to pay costs, as required by the court's order. Brennan's has represented to the court that it is in the process of working toward a resolution of this issue with the Brennan defendants; the Brennan defendants do not dispute this. Accordingly, the court will deny this motion at this time, subject to the Brennan defendants seeking relief in the event the parties fail to reach an agreement as to this matter.

[5]  Because the court concludes the motion to dismiss should be granted, the court does not address Brennan's alternative request for abstention.

6

and desist letters on which defendants' libel claim is based; that the letters are merely opinions, and not statements of fact, and thus cannot support a libel claim; that defendants have failed to present evidence tending to show that Brennan's was negligent, or had an improper purpose in sending these letters; that the letters are protected under the Noerr Pennington doctrine; and that defendants have no competent proof of damages.

Having considered Brennan's various arguments, the court concludes that the better course is to deny summary judgment on the libel claim, although the slander claim will be dismissed. In the court's opinion, defendants have presented sufficient proof and argument in support of each element of their libel claim, if only just so. In so holding, the court would observe that, as contrasted with <u>Lewis Management Co., Inc. v. Corel Corp.</u>, No. 94-1903, 1995 WL 724835, *8, (S.D. Cal. June 28, 1995), the cease and desist letters on which the Brennan defendants' libel claim is based are not couched in terms that would suggest mere opinion, but rather they directly and unequivocally accuse the Brennan defendants of trademark infringement, unfair competition and misappropriation of the Brennan's mark, accusations which the Brennan defendants maintain were false. Moreover, in the court's view, defendants' proof is arguably sufficient to call into question the legitimacy of Brennan's professed purpose in sending the letters, i.e., suggesting an improper motivation. As for

7

damages, the Brennan defendants assert that their accountants' forecast report supports their claim for revenue, profits and income never realized as a proximate result of Brennan's defamatory and unfounded accusations. Finally, while Brennan's rebuttal raises (for the first time) the Noerr Pennington doctrine as a basis for dismissal of this claim, the Fifth Circuit has held that the Noerr Pennington doctrine does not provide complete immunity from suit, but rather provides only an affirmative defense and should be plead as an affirmative defense. See Bayou Fleet, Inc. v. Alexander, 234 F.3d 852, 860 n.8 (5th Cir. 2000)(citing Acoustic Systems, Inc. v. Wenger Corp., 207 F.3d 287 (5th Cir. 2000)). It does not appear that Brennan's pled the defense, or raised the doctrine until the submission of its rebuttal brief (which, the court notes, was not filed until two months after the dispositive motion deadline). Accordingly, the court will not consider the Noerr Pennington doctrine as a basis for relief from the Brennan defendants' claims herein.

In conclusion, based on all of the foregoing, it is ordered as follows:

(1) the Brennan defendants' objection to the December 30, 2009 order of the magistrate judge [Doc. 354] is granted to the extent set forth herein, and is otherwise denied;

(2) the Brennan defendants' supplemental motion to set aside magistrate judge's order [Doc. 357] is granted, as set forth herein;

(3) the Brennan defendants' motion to supplement their objections to the magistrate judge's December 30, 2010 order [Doc. 385] is granted;

(3) the Brennan defendants' motion for partial summary judgment on Brennan's advice of counsel affirmative defense [Doc. 361], is granted;

(4) Brennan's motion to amend its answer is granted [Doc. 457];

(5) Brennan's motion to dismiss, or in the alternative, to abstain from exercising jurisdiction over all counterclaims asserted by B3G regarding the Owen Brennan's mark [Doc. 391], is granted;

(6) Brennan's motion for partial summary judgment on the Brennan defendants' claim for libel is denied, and its motion for summary judgment on the slander claim is granted [Doc. 368]; and

(7) the Brennan defendants motion to show cause as to why Brennan's claims in this cause should not be dismissed with prejudice for failure to comply with court order [Doc. 436] is denied.

SO ORDERED this 20th day of May, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE